UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEOPLE OF THE STATE OF ILLINOIS

                Plaintiff                      18cv1704

SCOTT McMAHON ,                                    Judge Robert M.Dow, Jr.

                Defendant

(in the Matter of State Court Order to Compel Production of Information against CHICAGO REGIONAL COMPUTER LABORATORY)

## RESPONSE TO GOVERNMENT'S MOTION TO VACATE AND DISMISS STATE COURT ORDER

     Now comes Defendant, Scott McMahon, by and through his attorney, John T. Theis and responds to the Government's Motion to Vacate and Dismiss a Court Order of the Circuit Court of Cook County, Criminal Division, Judge Arthur Hill, judge presiding in this cause, stating in support thereof as follows:

BACKGROUND

     This removal action and motion to vacate and dismiss arises out of a felony criminal case in the Circuit Court of Cook County. The Defendant in that case is charged possession of child pornography, in violation of Illinois law. The State has alleged that he faces a minimum of twelve years' incarceration, and possibly more. In the course of the discovery process in the case before Judge Arthur Hill, counsel for McMahon filed a standard discovery motion under Illinois Supreme Court Rules 411 and 412.  As part of his investigation and defense, counsel also hired an expert to examine the devices which allegedly contained illegal images. In order to assist the

expert in determining whether the state's evidence supported the charge against Defendant, counsel filed two additional motions, a Motion to Produce Electronic Stored Information, and a Motion to Compel Disclosure. The defense sought, in part, a mirror image of the cellular device for the purpose of independent testing, and otherwise assuring "access on equal terms" to the material in question. United States v. Shrake, 515 F.3d 743 (7th Cir. 2008).

The State informed defense counsel through the discovery process that the state's law enforcement authorities had obtained certain evidence from Defendant which they in turn chose to have examined by an entity known as the Chicago Regional Computer Forensic Laboratory (RCFL). Defense Counsel also served a subpoena on the group and a representative, seeking the "procedures and protocols" used in its analysis as well as reports and records of the process. Neither the State, nor RCFL, moved to quash the subpoena. Instead, the Federal Bureau of Investigation (FBI), through its Associate General Counsel, sent a letter to defense counsel, stating its objection to the RCFL subpoena, and explaining to counsel that RCFL would not comply.

On February 28, 2018, Judge Hill issued an order (attached to the Government's pleading) permitting, with certain restrictions, independent testing of the state's evidence. The United States then filed this action, seeking removal (of the subpoena and Court order of compliance) and an order vacating Judge Hill's order.

ANALYSIS

The Government's request should be denied and this action dismissed. The premise of the Government's action, and the basis for its argument is that RCFL is a federal agency, and therefore its agents or employees are not subject state subpoena power and orders state courts. The Government's pleadings are carefully drafted to avoid asserting that RCFL is part of the

FBI, stating instead that its "operations are overseen by the FBI and subject to FBI regulation, and the RCFL is federally funded and generally considered to be part of the FBI." (Gov. Motion to Vacate, at p.1). The Motion for Removal contains similar assertions.

The Government's strained effort to claim that RCFL is a federal agency is not supported by the law or the facts of this case. The "federal funding" issue is easily disposed of; countless individuals or entities receive federal funding, but that does not make them federal agencies or employees. *Trinity Lutheran Church v. Comer*, 137 S.Ct. 2012, 198 L.Ed. 2d 551 (2017). Nor is the Government's claim that RCFL is "generally considered" be part of the FBI (whatever that might mean) supported by the authority cited, *United States v. Schulick*, 2017 WL 5476380 (E.D.Penn. Nov. 14, 2017) and *United States v. Vaughn*, 2015 WL 6946577 (D. N.J. Nov. 10, 2015). Not only are these federal cases where the issue before this Court was not raised, but in both cases, the Court talked extensively about interaction *between* the FBI and RCFL, never once implying (or "generally considering") that they are one and the same.

The facts do not support the Government's claim, since RCFL (or RCFLs, since the Chicago laboratory is but one of many) is staffed by many individuals who are not FBI employees, but are local law enforcement officers, agents, investigators, and scientific experts. The RCFL Chicago website currently lists no less than 15 agencies or departments whose Employees "staff" the laboratory, only two of which are federal. Among them is the office of the Cook County State's Attorney, which is prosecuting McMahon, and which presumably chose RCFL as the testing laboratory in this case.

Counsel has no reason to believe that the local State's Attorney's office deliberately chose RCFL to do their forensic analysis on the assumption that the procedures would be immune from analysis by independent defense experts, but the net effect is the same. The basis

for the trial judge's ruling is the fundamental principle that defense experts should have the same opportunity to conduct testing that the Illinois Supreme Court rules require in every criminal case. Illinois Supreme Court Rule 412 requires disclosure of:

(iv) any reports or statements of experts, made in conjunction with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons, and a statement of qualifications of the expert;

(v) any books, papers, documents, photographs, or tangible objects which the prosecuting attorney intends to use in the hearing or trial of which were obtained from or belong to the accused.

      The Supreme Court of Washington, confronted with the same issue with the same ABA-recommended discovery language, ordered the mirror-image production in order to give the defense an equal opportunity to conduct its investigation. *People v. Boyd*, 160 Wn.2d 424 (2007). Judge Hill's discovery order was not in any way broader that what has been routinely required in state and federal cases. See, for example, *United States v. Knellinger*, 471 F. Supp. 2d 640 (E.D. Va.2007) (mirror image ordered with appropriate protective order); *United States v. Aldeen,* 2006 WL 752821 (E.D.N.Y.2006) (hard drive provided to defense); *United States v. Cadet*, 413 F. Supp. 2d 1 (all computer files provided with protective order).

      The Government's assertion is that United States ex rel.Tuohy v. Rogen, 340 U.S. 462, 71 S.Ct. 416, 95 L. Ed 2d 417, as well as 28 C.F.R. Sec. 16.21-29 require RCFL to ignore the subpoena. To suggest that Tuohy and the related CFR sections permit, or require individuals to violate a lawful order of an Illinois judge is a suggestion unsupported by the clear language of the case and statute.

      The explicit language of 28 CFR states in relevant part, "for the purpose of this subpart, the term employee of the Department includes all officers and employees of the United States…" The Government does not assert, nor could they, that RDFL and its staff

fit that definition. Some individuals detailed to RCFL might incidentally be United States employees, but the Government does not make the discrete assertion that only those employees can ignore a subpoena, claiming instead that *no* RCFL staff are subject to subpoena.

The Government also cites federal cases such as *Bosow v. National Treasury Employees Union*, 887 F. Supp. 1199 (S.D.Ind. 1995) and *Edwards v. Department of Justice*, 43 F. 3d. 312 (7th Cir. 1994), which involved efforts to obtain information from unquestionably federal agencies. Even if this case involved a true federal agency, which it does not, the state and Government waived any right to raise *Tuohy* objections when they made the choice to have the forensic examinations done by RCFL. It would be a violation not merely of the Illinois discovery rules to deny the Defendant the right to have his expert conduct a properly supervised investigation and examination. . It would be a violation of the Due Process clause.

## CONCLUSION

Defendant Scott McMahon respectfully requests that this Court deny the Government's Motion to vacate and remand this case to the Circuit Court of Cook County, Illinois, with directions to comply with the state court subpoena and whatever relief the trial judge deems appropriate.

Respectfully submitted,

s/John T. Theis
JOHN T. THEIS
190 La Salle Street, Suite 520
Chicago, IL 60603
Phone: (312) 782-1121
Fax: (312) 422-1121
theislaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants